**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

v.

JOBEC, INC. d/b/a  MCDONALD'S,

Defendant.

---

### COMPLAINT and JURY TRIAL DEMAND

---

### NATURE OF THE ACTION

This is a public enforcement action to correct the unlawful employment practice of maintaining a hostile work environment based on gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action seeks to provide appropriate relief to Charging Parties and similarly situated individuals adversely affected by such practice. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), contends Defendant, Jobec, Inc. d/b/a McDonald's ("McDonald's") has discriminated against Charging Parties and a class of similarly situated individuals, because of their gender, female, by subjecting them to sexual harassment and a hostile work environment, by failing to take prompt remedial action intended to eliminate the sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 703(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, for the District of Colorado.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been and is now doing business in the State of Colorado and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

6.      The female employees who filed the charge of discrimination with the EEOC will be hereafter referred to as "Shenefield" and "Michel."

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Tiawna Shenefield and Brandi Michel, female former employees of Defendant, filed charges of discrimination with the EEOC alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

### First Claim:  Sexual Harassment

8.      Since at least 2002, Defendant has engaged in unlawful employment practices at its 209 E. Jenkins Ranch Road location in Durango, Colorado, in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by allowing its employees, including but not limited to management-level officials, to sexually harass Shenefield, Michel, and other female employees. This harassment altered the terms and conditions of employment and created a hostile work environment for Shenefield, Michel and other female employees.

9.      The unlawful sexual harassment was partially physical in nature.

10.     The physical sexual harassment included, but was not limited to, the following acts:

(a)     groping the inner thigh and buttocks of female employees;

(b)     lifting the shirts of female employees and biting their breasts;

(c)     spying on female employees while they were changing into their uniforms; and

(d)     pulling female employees onto male's laps and placing their arms around their waists and shoulders.

11.     The unlawful sexual harassment was partially verbal in nature.

12.     The verbal harassment included, but was not limited to, the following acts:

(a)     offering keys, credit cards, and a wallet in exchange for sex;

(b)     telling female employees that they had a "nice ass" and that their "breasts had gotten larger";

(c)     ridiculing female employees' attempts to resist inappropriate physical harassment in the workplace by making comments such as "do that some

3

more" and "that turns me on."

13.     The offensive sexual conduct was sufficiently severe or pervasive as to alter the terms and conditions of employees subjected to the conduct.

14.     The offensive sexual conduct in the workplace initiated and/or participated in by McDonald's employees, including but not limited to managers, constitutes sexual harassment.

15.     The sexual harassment in the work place created a hostile work environment based on gender.

16.     Defendant was aware of the sexual harassment, both because some employees complained to management and because some managers participated in the harassment.

17.     Defendant failed to take reasonable measures to prevent and promptly correct sexual harassment in the workplace.   Defendant violated its own sexual harassment policy by its inaction.

18.     The effect of the events described above, including the sexual harassment by managers and Defendant's failure to promptly and adequately respond to employee complaints of sexual harassment pursuant to its sexual harassment policies and procedures, has been to deprive Shenefield and Michel and other similarly situated female employees of equal employment opportunities.

19.     The unlawful employment practices described above were intentional.

20.     The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Shenefield and Michel and other similarly situated female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, Jobec, Inc. d/b/a McDonald's its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment policy or practice which creates a sexually hostile work environment or otherwise discriminates on the basis of gender, and from retaliating against employees who complain about discrimination;

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practices;

C.      Order Defendant to make whole Charging Parties and other similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

D.      Order Defendant to make whole Charging Parties and other similarly situated female employees, by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

E.      Order Defendant to pay Charging Parties and other similarly situated female employees, punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

F.      Order Defendant and its successors to provide training to its officers, managers and employees regarding discriminatory harassment and retaliation in the workplace;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 18, 2006

Respectfully submitted,

RONALD S. COOPER
General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

s/ Nancy A. Weeks
NANCY A. WEEKS
Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave., Suite 510
Denver, CO 80203
nancy.weeks@eeoc.gov
303-866-1947

s/Kim R. Rogers
KIM R. ROGERS (LEAD ATTORNEY)
Trial Attorney
kim.rogers@eeoc.gov
(303) 866-1361

s/Loretta F. Medina
LORETTA F. MEDINA
Trial Attorney
loretta.medina@eeoc.gov
(505)248-5230

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**