IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01871-MSK-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

       Plaintiff,

and

TIAWNA JACOBSON, and
BRANDI MICHAL,

       Intervening Plaintiffs,

v.

COLORADO HAMBURGER COMPANY, INC.
FARMINGTON HAMBURGER COMPANY, INC., and
JOBEC, INC., d/b/a MCDONALD'S,

       Defendants.

---

## ORDER APPROVING CONSENT DECREE

---

THIS MATTER comes before the Court on the parties' Unopposed Motion for Approval of Consent Decree **(#49)**. Having reviewed the proposed Consent Decree, which was filed as an attachment to the motion, the Court

**FINDS** and **CONCLUDES** that:

This action arises under Title VII of the Civil Rights Act of 1964, and under the Civil Rights Act of 1991. The Plaintiff, Equal Employment Opportunity Commission, and the Intervening Plaintiffs claim that the Defendants subjected employees to a hostile work environment on the basis of sex.

All parties, through their legal representatives, have entered into a Consent Decree. It constitutes a binding settlement agreement between the parties. It resolves all claims which were asserted by the Plaintiff and Intervening Plaintiffs against the Defendants. It benefits, but does not purport to bind, any non-parties.

The Consent Decree does the following: (1) it enjoins the Defendants from discriminating against employees based upon sex, or subjecting employees to sexual harassment; (2) it enjoins the Defendants from retaliating against any employee or individual who has engaged in protected activities in opposition to discrimination; (3) it requires the Defendants to pay $152,000 to Tiawna Jacobson, $148,000 to Brandi Michal, and $150,000 to their attorney, Lynne Sholler; (4) it requires the Defendants to pay $55,000 for settlement of class claims, in specific $40,000 to Laura Loose and $15,000 to Alice Palmer, if such individuals provide signed releases; (5) it requires the Defendants to provide letters of apology to each Intervening Plaintiff and class member; (6) it requires the Defendants to implement corrective policies and practices and to provide training on sex discrimination, harassment and retaliation; (7) it requires the Defendants to post a notice of the Consent Decree in prominent places where employees can see it; (8) it requires the Defendants to report certain information to the EEOC every 6 months; (9) it gives the EEOC the right to enter and inspect the Defendants' premises to ensure compliance with the Consent Decree and anti-discrimination laws; (10) it has a duration of 3 years; and (11) it obliges the Court to retain jurisdiction for the the duration of the Consent Decree to ensure compliance with it.

The terms of the Consent Decree are fair, reasonable, consistent with the purposes of Title VII and the Civil Rights Act of 1991, and not contrary to public policy. The Consent Decree fully resolves all claims and disputes in this litigation.

**IT IS THEREFORE ORDERED** that:

(1)   The Court approves the Consent Decree.

(2)   The Clerk of Court shall separately file the Consent Decree (found at **#49-2**) and assign it a docket number.

(3)   The Clerk of Court is directed to close this case.

Dated this 3rd day of April, 2008

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge