IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01871-MSK-CBS

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION,

        Plaintiff,

and

TIAWNA JACOBSON, and
BRANDI MICHAL,

        Plaintiff/Interveners,

   v.

COLORADO HAMBURGER COMPANY, INC.,

FARMINGTON HAMBURGER COMPANY, INC., and

JOBEC, INC., d/b/a McDonalds,

        Defendants.

## CONSENT DECREE

The Commission filed this action against Colorado Hamburger Company, Inc., Farmington Hamburger Company, Inc., and JOBEC, Inc., collectively referred to herein as "JOBEC" to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In the Complaint, the Commission alleged that Charging Parties Tiawna Shenefield n/k/a Tiawna Jacobson and Brandi Michal and a

1

class of females were subjected to a hostile work environment due to sexual harassment in the workplace.

The Defendants have stipulated that they are an integrated enterprise, and that the integrated enterprise has more than 200 employees.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

1. This decree resolves all claims of the Commission against JOBEC on behalf of Tiawna Jacobson and Brandi Michal and the class of females identified in Exhibit, A, including claims for back pay, compensatory and punitive damages, interest, injunctive relief, attorney's fees and costs arising out of the issues relating to this lawsuit.

2. The Court has jurisdiction of the subject matter of this action and of the parties.

3. The terms and provisions of the Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties are adequately protected by this Consent Decree.

4. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of Defendants, the Commission and the public.

## **INJUNCTION**

5. JOBEC, their owners, stockholders, managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from discriminating against any employee

because of his or her sex, including subjecting employees or individuals to sexual harassment. This injunction will remain in effect for the duration of the decree at any restaurant or facility operated by JOBEC in Colorado or New Mexico.

6. JOBEC, their owners, stockholders, managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from retaliating against any employee or individual because the employee or individual has (a) opposed practices made unlawful by Title VII or a state equal employment opportunity statute, (b) filed a charge of discrimination, including sexual harassment, (c) assisted or participated in the filing of a charge of discrimination, including sexual harassment, (d) assisted or participated in an investigation or proceeding under Title VII or a state equal employment opportunity statute, or (e) files an internal complaint of discrimination. This injunction will remain in effect for the duration of the decree at any restaurant or facility operated by JOBEC in Colorado or New Mexico.

**RELIEF TO CHARGING PARTIES AND CLASS**

7. In accordance with this decree, JOBEC shall pay the total amount of $505,000.00 ("the settlement amount") to resolve plaintiffs' claims for monetary relief. Within thirty (30) calendar days of JOBEC's receipt of fully executed Releases, in the form of Exhibit C, from all claimants, JOBEC shall pay the settlement amount according to the following terms and as indicated in Paragraph 8 of this Decree. Charging Party Tiawna Jacobson shall receive a check in the amount of  $152,000.00     payable to Tiawna Jacobson for compensatory damages. Charging Party Brandi Michal shall receive a check in the amount of $  $148,000.00     payable to Brandi Michal for compensatory damages. Charging Parties' attorney shall receive a check in

the amount of $150,000.00 payable to Lynne Sholler, Esq. as attorneys' fees.

8. JOBEC shall pay the remaining settlement amount of $55,000.00 for settlement of the class claims designated in Exhibit A. For all payments to the Charging Parties and class members representing compensatory damages for personal injuries, JOBEC shall issue each payee a form 1099 in the amount of such payment. The Commission retains the sole discretion to apportion the compensatory damage amounts between the eligible class claimants identified in Exhibit A. Also, any claimant paid in accordance with Exhibit A of this Decree will execute only a Release in the form of Exhibit C. Defendants will not condition the receipt of individual relief on the charging parties' or class members' agreement (a) maintain as confidential the terms of this decree, (b) waive their statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive their right to apply for a position at any JOBEC facility.

9. The checks provided for in Paragraph 8 and pursuant to Exhibit A of this Decree shall be made payable to each of the individuals listed in Exhibit A in the amounts designated by the Commission. The checks shall be mailed directly to the Exhibit A list of claimants at the addresses provided by the Commission.

10. Within five (5) days of issuance of the checks required by Paragraph 7 and 8 of this Decree, JOBEC shall submit a copy of the checks and any related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189.

11. In response to any employment inquiries or reference checks concerning Tiawna Jacobson, Brandi Michal or any class member, JOBEC shall follow its company policy and provide dates of employment; the position held; and job duties. This provision shall remain in

force for so long as Ms. Jacobson, Ms. Michal or any class member uses JOBEC as a reference and is not limited to the three-year duration of this decree.

12. JOBEC shall not take any action against Tiawna Jacobson, Brandi Michal, any class member, any witness in this proceeding or any other individual in retaliation for filing a charge of employment discrimination or for participating, assisting or testifying in this action.

13. JOBEC shall provide Tiawna Jacobson, Brandi Michal, and each class member with a letter of apology signed by the owner of JOBEC. The letters of apology shall be issued in the form of Exhibit D to this Decree.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

14. JOBEC shall institute and carry out policies and practices that will provide a work environment free from sex discrimination and retaliation, including policies, procedures and practices to prevent sexual harassment of their employees and other individuals, and that allow employees and other individuals to raise concerns or complaints about matters made unlawful by Title VII, whether alleged, perceived or actual without retaliation. To assist JOBEC in its efforts to provide a work environment free of sex discrimination, sexual harassment and retaliation, JOBEC shall take the actions provided for in Paragraphs 15 through 17 and 19.

15. Within sixty (60) days of the entry of this decree, JOBEC shall review any existing policies on sex discrimination, including sexual harassment and retaliation, and make any changes necessary so that their policies and procedures comply with Title VII. JOBEC shall ensure their written policy includes a statement that employees have a right to complain directly to EEOC or any state equal opportunity agency. JOBEC shall ensure that its policies and procedures relating to sexual harassment provide for and identify at least one person at each

JOBEC restaurant or facility who will have information about JOBEC's complaint process, who may be designated to receive complaints, and who is responsible for reporting such complaints in a timely manner to the owners of JOBEC. After reviewing and making any necessary revisions to its policies, JOBEC shall distribute the revised sexual harassment and non-retaliation policies and complaint procedures annually to each of its current full and part-time employees, and to each new employee hired for the duration of this decree. The policy and procedure statements that are provided to JOBEC employees should be designed to present easily understood, convenient, consistent, confidential and reliable procedures for reporting incidents of sexual harassment and retaliation occurring at JOBEC restaurants or facilities in Colorado and New Mexico. These procedures, at a minimum, shall include provisions incorporating the following:

    A.    Within thirty (30) days of entry of this decree and for the duration of this decree, JOBEC shall designate at least one employee in a supervisory or managerial position to serve as an investigative officer for employees having questions, concerns or complaints about sexual harassment or retaliation. This investigative officer shall be responsible for communicating with employees about JOBEC's complaint and investigation process, answering employee preliminary inquiries, and investigating complaints of sexual harassment.

    B.    Within thirty (30) days of entry of this decree and for the duration of this decree, the name(s), responsibilities, work location, and telephone number of the investigative officer(s) will routinely and continuously be posted and provided to all employees so that an employee seeking such name can enjoy anonymity and remain inconspicuous to other employees.

C.  For the duration of this decree, complaints of sexual harassment or retaliation will be accepted in writing, orally, or anonymously and all complaints will be taken seriously and investigated appropriately.

D.  Only those who have an immediate need to know, including the investigative official(s), owner(s), the alleged target of harassment or retaliation, the alleged harasser(s) or retaliator(s) and any witnesses, may find out the identity of the complainant.

E.  During an investigation of a sexual harassment complaint of an employee or other individual, investigative officers will have the responsibility for expeditiously and appropriately investigating all complaints.

F.  The investigative officers shall endeavor to immediately interview in person all affected individuals and potential witnesses to the alleged harassment without the presence of unnecessary management officials and officials who are specifically implicated by the allegations of harassment.

G.  All parties contacted in the course of an investigation will be advised that any retaliation or reprisal against an individual who is an alleged target of harassment or retaliation, who has made a complaint, or who has provided evidence in connection with a complaint will not be tolerated and could result in disciplinary action.

H.  Each investigative officer will receive thorough and appropriate training about sexual harassment and sexual harassment investigations. This training shall consist of at least two hours in addition to that provided under paragraph 17 of

this decree.

I. The investigative officer will recommend remedial measures, if appropriate, based upon the results of the investigation, and JOBEC will promptly consider and act upon such recommendation.

J. The investigative officer will maintain a file on the original complaint(s) and any follow-up investigation.

K. JOBEC owners, managers, officials, agents or employees who engage in sexual harassment or retaliation; who fail to cooperate with company-sponsored investigations of sexual harassment or retaliation; or who refuse to implement remedial measures will be advised that they may be sanctioned severely by loss of income, suspension or dismissal.

16. JOBEC shall post within thirty (30) days of the entry of this consent decree, and continuously for the duration of this decree, in prominent places frequented by employees of their Colorado and New Mexico restaurants and facilities, the Notice attached to this decree as Exhibit B. This Notice shall be the same type, style and size as in Exhibit B.

17. JOBEC shall provide training on sex discrimination, sexual harassment, and retaliation according to the following terms:

A. JOBEC shall provide at least three training sessions during the term of this decree. All owners, managers, supervisors and employees at restaurants or facilities owned or operated by JOBEC in Colorado and New Mexico shall attend the training. Duplicative sessions may be held to accommodate staffing needs. JOBEC shall be responsible for all costs associated with this training.

B. During the first year of the decree, the training shall be conducted within ninety (90) days of the entry of this decree. Additional training shall be conducted for all JOBEC employees in Colorado and New Mexico subject to this Decree at least once each remaining year of this Decree.

C. For the duration of this decree, at or around the time of hire, employees hired after the annual training is presented, shall view a video tape of the training and/or a professional training tape which covers the topics set forth in paragraph 17F and shall be given any written material disseminated at the training.

D. JOBEC shall select a qualified trainer or facilitator and shall submit the trainer's or facilitator's name, resume, training agenda and the date(s) of the proposed training to the Regional Attorney of the Albuquerque Area Office of the Equal Employment Opportunity Commission within thirty (30) days of the entry of this decree. For training sessions during the second and third years of the decree, the above information shall be submitted to the Regional Attorney at least sixty (60) days prior to the seminar-training session. The Commission shall have thirty days from the date of receipt of the information described above to accept or reject the proposed trainer or facilitator and/or the contents of the seminar. In the event the Commission does not approve defendants' designated trainer, JOBEC will be required to submit the name, resume, training agenda and date(s) of proposed training for an alternate trainer(s) or facilitator(s) until the Commission approves a designated trainer or facilitator.

E. The training shall include a minimum of three hours of instruction. All

personnel, designated in Paragraph A shall both register and attend the training. The registry of attendance shall be retained by defendants at least for the duration of the decree.

F. The training, at a minimum shall include the subjects of: what constitutes sex discrimination, including sexual harassment and retaliation; that sex discrimination in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment and retaliation violates Title VII; how to prevent sex discrimination and retaliation; how to provide a work environment free from sex discrimination, sexual harassment, and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sex discrimination, sexual harassment or retaliation in the workplace.

G. Immediately following the training sessions, the highest ranking JOBEC managerial official in the facility shall speak to the employees about: (1) potential discipline that can be taken against supervisors, managers and employees who commit acts of sex discrimination or retaliation or who allow sex discrimination or retaliation to occur in the workplace; (2) the importance of maintaining an environment free of sex discrimination and retaliation; and (3) the employer's policies regarding sex discrimination, sexual harassment, and retaliation. This time shall not be counted toward the three-hour minimum training required in paragraph 17E.

18. The Commission, at its discretion, may designate Commission representatives to attend and participate in any of the training sessions described above.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

19. JOBEC shall separately report in writing and in affidavit form to the Regional Attorney of the Commission's Albuquerque Area Office at 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102-2189, beginning six months from the date of the Entry of this Decree, and thereafter every six months for the duration of the decree the following information:

   A. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of sex discrimination, sexual harassment and retaliation.

   B. The name, address, position, and telephone number of any employee who during the six months preceding the report has brought allegations of sex discrimination, sex harassment, or retaliation arising from activities in JOBEC's Colorado or New Mexico restaurants or facilities against defendants or its personnel, including but not limited to owners, management officials, vendors, agents, or employees. The nature of the complaint, investigatory efforts made by JOBEC and the corrective action taken, if any, shall be specified.

   C. The registries of persons attending each of the seminar-training sessions required in paragraphs 15 and 17 of this decree and a list of current employees on the day of the seminar-training session.

   D. An affidavit by JOBEC's owner(s): (1) the Notice required in paragraph 16 of this decree was posted and the locations where it was posted, and (2) it has complied with paragraphs 15-17 and 19 of this decree.

   E. Copies of any video presentations JOBEC utilizes to comply with the

requirements of this decree.

20. The Commission upon reasonable notice shall have the right to enter and inspect the premises of JOBEC's restaurants and facilities in Colorado and New Mexico to insure compliance with this decree and federal anti-discrimination laws.

## **COSTS AND DURATION**

21. Each party shall bear its costs and attorney's fees incurred as a result of this action through the entry of this decree.

22. The duration of this decree shall be three (3) years from its entry. This Court shall retain jurisdiction of this action for the duration of the decree, during which the Commission may petition this Court for compliance with this decree. Should the Court determine that JOBEC has not complied with this decree, appropriate relief, including extension of this decree for such period as may be necessary to remedy its non-compliance, may be ordered.

23. This decree shall expire by its own terms at the end of three (3) years after entry, without further action by the parties.

24. The parties agree to entry of this decree subject to final approval by the Court.

ENTERED AND ORDERED this _____ day of _____ 2008.

THE HONORABLE MARCIA S. KRIEGER
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO:

                        RONALD COOPER
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507


/s/Loretta Medina for
MARY JO O'NEILL
Regional Attorney

/s/Loretta Medina for
SALLY C. SHANLEY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

/s/Loretta Medina
LORETTA MEDINA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102-2189

Attorneys for Plaintiff

/s/Lynne Sholler
Lynne Sholler
Law Office of Lynne Sholler, P.C.
707 Clovis Drive
Durango, Colorado 81301
(970) 375-7756

Attorney for Plaintiff Interveners




/s/ Bruce Charles Anderson
Stettner, Miller, P.C.
1050 17th Street, Ste. #700
Denver, Colorado 80254-2008
banderson@stetmil.com

Attorneys for Defendants

## DISTRIBUTION OF SETTLEMENT PROCEEDS TO CLASS

|  | Compensatory Damages |
|---|---|
| Laura Loose | $ 40,000.00 |
| Alice Palmer | $15,000.00 |

EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF COLORADO HAMBURGER COMPANY, FARMINGTON HAMBURGER COMPANY AND JOBEC

This Notice is posted pursuant to a Consent Decree entered into between the Colorado Hamburger Company, Inc., Farmington Hamburger Company, Inc., and JOBEC, collectively referred to as "JOBEC" and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law (Title VII of the Civil Rights Act or 1964) and state law to discriminate against an employee on the basis of sex in hiring, firing, compensation or other terms, and conditions or privileges of employment, including sexual harassment. It is also unlawful under federal and state law to retaliate against any individual who complains of harassment.

JOBEC prohibits all forms of sex discrimination, including sexual harassment. Prohibited sexual harassment includes, but is not limited to, the following conduct:
   a. unwelcome touching of a sexual nature;
   b. unwelcome comments, including comments regarding intimate body parts, or clothing and discussion of sexual jokes or sexual behavior;
   c. unwelcome requests for dates, sexual favors and propositions
   d. unwelcome distribution in the workplace of cartoons, pictures of drawings of a sexual nature; and
   e. unwelcome display of pornographic material in the workplace.

JOBEC shall not discriminate on the basis of sex and shall not retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII, or who files a grievance alleging discrimination.

If you believe you are being sexually harassed, discriminated against based on sex or retaliated against you should report this to the designated investigative officer at your workplace who may be contacted at _____.

If you believe you have been discriminated against or retaliated against in the JOBEC workplaces, you always have the right to seek assistance from:

1) Equal Employment Opportunity Commission Denver Field, 303 E. 17th Ave. Suite 510, Denver, Colorado 80203**,** (303) 866-1301 or EEOC Albuquerque Area Office, 505 Marquette NW, Suite 900, Albuquerque, New Mexico 87102, (505) 248-5202.
                              Or
2) Colorado Civil Rights Division, 1560 Broadway #1050, Denver, Co. 80202 (303) 894-2997 and NM Department of Workforce Solution, Human Rights Bureau, 1596 Pacheco St., Suite 103, Santa Fe, New Mexico 87505, (505) 827-6838 or 1(800) 566-9471.

You have the right to file a charge with the EEOC or the state fair employment practice agencies listed above if you believe you are being discriminated against or retaliated against.

**EXHIBIT B**

# RELEASE OF TITLE VII CLAIMS

The undersigned, for the sole consideration of the sum of _____, paid to the undersigned, receipt and sufficiency of which are hereby acknowledged, does hereby release Colorado Hamburger Company, Inc., Farmington Hamburger Company Inc., and JOBEC, Inc., ("JOBEC"), from any and all claims under Title VII of the Civil Rights Act of 1964, as amended, which the undersigned has arising out of the lawsuit styled <u>EEOC and Plaintiff/Interveners v. Colorado Hamburger Company, Inc, Farmington Hamburger Company Inc., and JOBEC, Inc.,</u>, which is Civil Action No. 06-cv-01871-MSK-CBS in the United States District Court for the District of Colorado.

In consideration for the lump sum payments referred to in this Release, the undersigned waives any and all Title VII claims she may have arising out of this lawsuit styled <u>EEOC and Plaintiff/Interveners v. Colorado Hamburger Company, Inc, Farmington Hamburger Company Inc., and JOBEC, Inc.,</u>, which is Civil Action No. 06-cv-01871-MSK-CBS in the United States District Court for the District of Colorado, except for any rights the undersigned may have arising out of the Consent Decree entered herein.

The undersigned further declares and represents that no promise, inducement or agreement not herein expressed has been made to her, and that this release contains the entire agreement between the parties hereto.

The undersigned has had full and adequate opportunity to discuss this release with the advisers of her choice, including the attorney of her choice, and she has read and fully understands the foregoing Release.

SIGNED this _____ day of _____, 2008.


Signed Name: _____


Printed Name: _____


**EXHIBIT C**

RE: Colorado Hamburger Company, Inc., Farmington Hamburger
Company, Inc. and JOBEC, Inc., d/b/a McDonald's

Dear        :

On behalf of JOBEC, I wish to express my sincere regret that you found your experience, while employed at the Durango McDonald's restaurant in 2004, to be objectionable. It is unfortunate that the former managers of the restaurant did not respond appropriately and promptly to your concerns in accord with our policies. The managers have admitted they knew it was their responsibility to protect employees from inappropriate conduct, but they did not. We are sorry for any perception you may have had that the managers blamed you for what happened to you at the restaurant.

Thank you for the contributions you made while employed a t McDonald's and we wish you success in your future endeavors.

                                Sincerely,


                                John Bronson

**EXHIBIT D**